Filed 12/13/23  In re A.W. CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| In re A.W., a Person Coming Under the Juvenile Court Law. | B322236 (Los Angeles County Super. Ct. No. 22CCJP01276) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ADEYEMIE W.,<br><br>Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Mary E. Kelly, Judge.  Dismissed as moot.

Amy Z. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, and Kim Nemoy, Assistant County Counsel, for Plaintiff and Respondent.

_____

On July 12, 2022 the juvenile court sustained a petition filed by the Los Angeles County Department of Children and Family Services (Department) pursuant to Welfare and Institutions Code section 300, subdivision (a),[1] and declared nine-year-old A.W. a dependent child of the court. On appeal, Adeyemie W., A.W.'s father (Father), contends there was insufficient evidence to support the court's finding that the violent conduct of Father and his girlfriend toward A.W.'s mother, Tanisha N. (Mother), placed A.W. at substantial risk of harm.

While Father's appeal was pending, the juvenile court terminated jurisdiction over A.W. and granted Mother sole legal and physical custody. Father did not appeal from the court's order terminating jurisdiction or the final custody order. Because we cannot grant effective relief to Father, we dismiss his appeal as moot.

**FACTUAL AND PROCEDURAL BACKGROUND**

On April 5, 2022 the Department filed a petition under section 300, subdivision (a), and former subdivision (b)(1),[2]

_____

[1]    Further undesignated statutory references are to the Welfare and Institutions Code.

[2]    The Legislature amended section 300, effective January 1, 2023, in part by revising subdivision (b)(1) to specify in separate subparagraphs ways in which a child may come within the

2

asserting identical allegations under both subdivisions that Father and Mother had a history of engaging in violent altercations in front of A.W. In addition, the petition alleged that, during a March 2022 visitation exchange,[3] Father's girlfriend assaulted Mother while Father encouraged his girlfriend's actions, and Father pushed Mother. The incident occurred in A.W.'s presence. The petition alleged Father's behavior endangered A.W.'s physical health and safety, placing her at risk of serious physical harm. On April 19, 2022 the court detained A.W. from Father and released her to Mother.

At the July 12, 2022 jurisdiction and disposition hearing, the juvenile court sustained the allegation pursuant to section 300, subdivision (a), and dismissed the allegation made under former subdivision (b)(1). Proceeding to disposition, the court declared A.W. a dependent of the court under section 300 and ordered that Mother would retain physical custody under the Department's supervision with monitored visitation for Father. Father timely appealed.

On January 9, 2023, prior to Father filing his opening brief, the juvenile court found the conditions justifying the initial assumption of jurisdiction no longer existed. The court terminated jurisdiction, staying its order pending receipt of a juvenile custody order. On January 17 the court terminated

jurisdiction of the juvenile court due to the failure or inability of the child's parent or guardian to adequately supervise or care for the child.

[3] Pursuant to a January 2022 stipulated order entered by the family court, Mother had sole legal custody of A.W. The order established A.W.'s primary residence was with Mother; Father had overnight visitation on alternating weekends and holidays.

jurisdiction over A.W. and entered a final custody order granting sole legal and physical custody of A.W. to Mother and ordering monitored visitation for Father.[4]  Father did not appeal the termination order or final custody order.

## DISCUSSION

Father's appeal challenges the sufficiency of the evidence supporting the juvenile court's jurisdiction finding.  He does not challenge the disposition order based on those findings.  As discussed, while the appeal was pending, the juvenile court terminated jurisdiction over A.W. and granted Mother sole legal and physical custody with monitored visitation for Father.  Father has not appealed the termination and custody orders.  On October 20, 2023 we requested the parties address in supplemental briefing whether the court's orders mooted Father's appeal.  The Department argued in its supplemental brief that the appeal should be dismissed.  Father's attorney filed a letter brief stating only that Father "will be submitting on the briefs previously filed."  Father's appellate briefs do not address mootness.

"A court is tasked with the duty '"to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it."'" (*In re D.P.* (2023) 14 Cal.5th 266, 276.)  "A case becomes moot when events

---

[4]  On our own motion we take judicial notice of the January 9, 2023 minute order and the January 17, 2023 minute order and final custody order.  (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

4

"'render[] it impossible for [a] court, if it should decide the case in favor of plaintiff, to grant [the plaintiff] any effect[ive] relief.'" [Citation.] For relief to be 'effective,' two requirements must be met. First, the plaintiff must complain of an ongoing harm. Second, the harm must be redressable or capable of being rectified by the outcome the plaintiff seeks." (*Ibid.*) In other words, "relief is effective when it 'can have a practical, tangible impact on the parties' conduct or legal status.' [Citation.] It follows that, to show a need for effective relief, the plaintiff must first demonstrate that he or she has suffered from a change in legal status." (*Id.* at p. 277.)

Father has not identified any ongoing harm we can rectify by reversal of the jurisdiction finding. Even assuming the change in Father's visitation from unmonitored to monitored constituted a change in legal status, we cannot provide any relief that will have a practical, tangible impact on that status because Father failed to appeal the termination and custody orders. As we explained in *In re Rashad D.* (2021) 63 Cal.App.5th 156, 159, "termination of dependency jurisdiction does not necessarily moot an appeal from a jurisdiction finding that directly results in an adverse juvenile custody order. But in most cases, including the one at bar, for this court to be able to provide effective relief, the parent must appeal not only from the jurisdiction finding and disposition order but also from the orders terminating jurisdiction and modifying the parent's prior custody status. Without the second appeal, we cannot correct the continuing adverse consequences of the allegedly erroneous jurisdiction finding." (Accord, *In re Gael C.* (2023) 96 Cal.App.5th 220, 225.) By not appealing from the final custody order, Father "forfeited any challenge to those rulings [in the order], including to the

5

juvenile court's jurisdiction to issue them." (*In re Rashad D.,* at p. 167; see *In re Gael C.,* at p. 225.)

Finally, while a reviewing court has discretion to reach the merits of a moot case in certain circumstances, Father has not asked us to exercise that discretion or identified any factors warranting our exercise of discretion. (See *In re D.P., supra,* 14 Cal.5th at p. 282; *In re Gael C., supra,* 96 Cal.App.5th at pp. 225-226.)

## DISPOSITION

The appeal is dismissed as moot.

FEUER, J.

We concur:

SEGAL, Acting P. J.

MARTINEZ, J.

6